Judge Wood
delivered the opinion of the court:
Upon the facts as stated, in this case, the counsel for the complainants present four distinct points for consideration and decision.
1. Are the original subscribers to the stock of this bank, who ■still continue stockholders, now liable to be made pay up their stock to create a fund for the payment of its debts?
In equity, it is an established rule that the stock of a trading *corp‘oration is a pledge for the payment of its debts. Upon 'this stock it originally obtains credit, It is the duty of its managers to see that the stock is contributed, and it is not less the duty of the subscribers punctually to contribute it when required to do so. If not thus contributed, equity may compel it to be done, in a proper case, and where good faith requires it. While in full life, the court would operate upon its corporate faculty. The abandonment of its duties, by that faculty, can not defeat the rights of third persons. Under our statute, we believe that equity, in behalf of a judgment creditor, may invest him with all the rights to act, in settling the concerns of the bank, and one of these might be to compel a contribution-of unpaid stock. But this must depend upon all the particular circumstances of the case.
2. The second point raises the question : In a bill like this, can •original stockholders, who have bona fide transferred their stock, when they had paid up all the calls made, be called upon to contribute the unpaid proportion, for the satisfaction of creditors? We have come to the conclusion that such contribution can not be -exacted. The right of bona fide transfer is secured by the terms of the charter. It relates to the honest conditions of the parties at the time of the transfer. When this transfer is fairly made} *70 new certificates generally issue, and the stock assumes a new character as to the ownership. The new owners incur the responsibilities of their position, and those who honestly make the. transfers are discharged. But the transferees succeed to all the. legal responsibilities of the original parties from whom they purchased, and nothing more. The extent of these responsibilities is-usually settled at the time of transfer. If not then adjusted, the-liabilities of those implicated may depend upon circumstances.
In the view we take of the case before us, it was not absolutely necessary that we should have gone as far as we have, in deciding-the two points disposed of; but, in doing so, we think we may make our final decision more clear and comprehensible.
3. The third point involves the liabilities of assignees of stock... This, we have said, depends upon facts connected with the transfer.
4. The fourth point covers not only the case of stockholders, but that of debtors also. The respondents insist that the lapse of time and change of circumstanoes forbid that any of these should be subjected in this case. And in this position we concur. In relation to the stock of this bank, to the debts due it and due from it, all values have changed, while the complainants have* been sleeping over, or creeping on in the pursuit of their rights. Changes-*of this kind have rendered it impracticable to do anything like equity among all who may possibly be affected. The case-has become stale and is not to be favored. Clark v. Bond, S. C. 282; 1 Mad. Ch. 15, etc.; 1 Ohio, 22, 532; Story’s Equity, Com. 785. In fact, all the cases concur that time may become decisive-of a party’s rights in a case like the present.
Bill dismissed, as to certain defendants; retained as to others-